<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROSEMARY MADERA, | : | |
| Plaintiff, | : | Civil Action No. 14-3234 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Rosemary Madera ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning September 9, 2010. A hearing was held before ALJ Eric Borda (the "ALJ") on November 27, 2012, and the ALJ issued an unfavorable decision on December 21, 2012, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of December 21, 2012, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform "less than the full range of light work:" "[s]he can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 3 hours and sit for 6 hours in an 8-hour work period." (Tr. 13.)  At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as a sales manager, customer service worker, administrative assistant, or teacher's aide.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the Commissioner's step three finding is beyond judicial review; 2) the residual functional capacity determination at step four is unexplained and contradicted; and 3) the step four determination is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

In the instant case, Plaintiff has not even attempted to show how the ALJ's alleged errors were harmful to her. Rather, while Plaintiff has attempted to persuade that the ALJ did not follow the law, she has not gone any further.

Plaintiff first argues that the ALJ's step three determination is beyond judicial review. The gist of Plaintiff's discussion of the decision at step three is that the ALJ did not discuss whether Plaintiff's impairments, in combination, were medically equivalent to a Listed impairment. In particular, Plaintiff objects to the absence of any mention of Plaintiff's obesity. It is certainly true that, throughout the five step process, the ALJ is obligated to consider all of the alleged impairments individually and in combination. 42 U.S.C. § 423(d)(2)(B). The Third Circuit, however, "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

Moreover, under Shinseki, even if Plaintiff succeeded in persuading that the ALJ erred in failing to adequately consider all impairments in combination, Plaintiff also bears the burden of showing that this error was harmful, and Plaintiff has not done so. To show that such an error was harmful, Plaintiff would need to, at a minimum, point to evidence of record that might have sustained her burden of proof of disability. At a minimum, again, she would need to explain which impairments, combined, should have been found to be medically equivalent to what

Listing.

The Third Circuit has held: "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover." Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Conspicuously absent from Plaintiff's brief is any statement of what Listing Plaintiff contends she meets or equals. Plaintiff fails to explain how the step three analysis might have been performed differently so as to make a material difference in the disability determination. This Court is not persuaded that the step three analysis was inadequate but, even if it was defective, given that Plaintiff has made no case on appeal that she met her burden of proof at step three, such defects could not be more than harmless error. Plaintiff has not even pointed to the Listing that she claims to have met or equaled, much less pointed to evidence of record that might have supported such a determination. As such, Plaintiff has failed to persuade that any possible errors at step three materially harmed her. As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Plaintiff next argues that the residual functional capacity determination is unexplained and contradicted by the ALJ's own findings. Plaintiff contends that the ALJ does not explain the basis for the unusual residual functional capacity formulation of "less than the full range of light work." It is correct that the ALJ did not clearly explain the basis for the RFC determination.

This appears, however, to be harmless error. As the Commissioner points out in the opposition brief, the residual functional capacity determination is supported by the opinions of two agency medical consultants, and the record contains no medical opinions stating that Plaintiff has any limitations to her ability to work. Indeed, the record contains the reports of two

medical consultants: 1) the report by Dr. Simpkins, dated September 15, 2011, which found no exertional limitations and that Plaintiff retains the residual functional capacity to perform her past relevant work as an administrative assistant (Tr. 78-86); and 2) the report by Dr. Trachtenberg, dated April 6, 2012, which found no exertional limitations and that Plaintiff retains the residual functional capacity to perform her past relevant work (Tr. 88-97).  These two reports constitute substantial evidence supporting the ALJ's step four determination that Plaintiff retains the residual functional capacity to perform her past relevant work.

Thus, although it is true that the ALJ's decision does not cite these reports, they are evidence in the record and they support the ALJ's decision.  Under Brown, while Plaintiff is technically correct that the ALJ did not provide sufficient written explanation for his decision, the error is harmless.  The evidence supports the ALJ's determination, and there appears to be no set of facts upon which Plaintiff could recover.

Although a heading in Plaintiff's brief contends that the residual functional capacity determination is contradicted by the ALJ's own findings, the brief never explains or substantiates this contention.

Plaintiff next argues that, at step four, the ALJ's residual functional capacity determination is not supported by substantial evidence.  This assertion is conclusory and unsupported.  As just discussed, this Court finds that the step four determination is supported by substantial evidence.  At no point does Plaintiff explain how the evidence of record might have justified a different residual functional capacity determination.  As the Commissioner contends, there is no medical evidence of record in which a medical expert opines that Plaintiff cannot work.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision and that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

       s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: April 27, 2015